**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 03-2159

MICHAEL A. STANKEVICH, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 7, 2005                    Decided    January 3, 2006 )

*Robert C. Rhodes* of Chapin, South Carolina, was on the brief for the appellant.

*Kerry J. Loring*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, DAVIS, and SCHOELEN, *Judges*.

KASOLD, *Judge*: Persian Gulf war veteran Michael A. Stankevich appeals through counsel that part of an October 23, 2003, decision of the Board of Veterans' Appeals (Board) that denied entitlement to service connection for chronic muscle and joint pains as manifestations of an undiagnosed illness. For the reasons set forth below, that part of the Board's decision on appeal will be modified in part, set aside in part, and the matter remanded for readjudication.

**I. BACKGROUND**

Mr. Stankevich served in the U.S. Army from September 1987 to September 1991, including service in the Persian Gulf war. Record (R.) at 2. In May 1995, he filed a claim for disability compensation benefits on the basis of having "Gulf War Syndrome" and residuals thereof. R. at 65. He complained of pain throughout his body, including, inter alia, both his left and right shoulders, elbows, wrists, hands, hips, knees, lower legs, and ankles, as well as his ribs and upper and lower

back. R. at 72-73. A VA nurse practitioner diagnosed Mr. Stankevich as having chronic generalized muscle strain that was "very likely" due to his profession, which "consisted of bending over and lifting the heads of cars and trucks, working a wrench which took a lot of pressure and torque to remove nuts and bolts." R. 244-45. A VA physician noted that Mr. Stankevich's pain was "generalized aching with exertions and relief with rest" and that the pain "does not limit joint movement in any particular joint." R. at 248-49. The physician determined that there were "no positive findings and the history is generalized, but no laboratory work is found to explain the course of events coming on two years after military service. The diagnosis cannot be made beyond multiple joint pain and fatigue by history of unknown etiology." R. at 249.

Although a VA regional office denied Mr. Stankevich's claim on the basis that his disability was "determined to result from a known clinical diagnosis of chronic, generalized muscle strain, which neither occurred in nor was caused or aggravated by service" (R. at 267), on appeal the Board found that the "record does not provide a convincing basis for either acceptance or rejection of either medical opinion in this case as to the question of whether [Mr. Stankevich's] chronic muscle/joint pains are manifestations of an undiagnosed illness." R. at 13. The Board then stated:

> However, even if reasonable doubt is resolved in the veteran's favor on this point, the veteran's symptoms are not shown to be ratable at 10 percent under any provision of the VA rating schedule. Since there is no code that applies specifically to generalized muscle/joint pains, a rating by analogy would be required, and the only reasonably analogous code would appear to be Diagnostic Code [(DC)] 5003 pertaining to arthritis. 38 C.F.R. § 4.71a, [Diagnostic] Code 5003 (2002). Under that code, ratings are assigned on the basis of limitation of motion of the joints in which the presence of arthritis is shown by X-rays. Where limitation of motion is not shown, a 10 percent rating can be assigned when there is X-ray evidence of involvement of two or more major joints or minor joint groups. The veteran does not have limitation of motion of any joint, and the Board is unable to find that a provision requiring X-ray findings alone as the basis for assigning a rating is truly analogous for the purpose of assigning a rating to satisfy the undiagnosed illness presumption.

R. at 13-14. This appeal followed.

2

## II. ANALYSIS

### A. Presumptive Service Connection

Service connection may be granted on a presumptive basis to a Persian Gulf war veteran with a qualifying chronic disability resulting from an undiagnosed illness that became manifest to a degree of 10% or more no later than December 31, 2006. *See* 38 U.S.C. § 1117(a); 38 C.F.R. § 3.317(a)(1)(i) (2005). A qualifying chronic disability may result from an undiagnosed illness that cannot be attributed to any known clinical diagnosis by history, physical examination, or laboratory tests. *See* 38 U.S.C. § 1117(a)(2); 38 C.F.R. § 3.317(a)(2). For purposes of establishing a qualifying chronic disability, an undiagnosed illness may be manifested by muscle or joint pain. *See* 38 U.S.C. § 1117(g)(4)-(5); 38 C.F.R. § 3.317(b)(4)-(5). To determine whether the undiagnosed illness has manifested to a degree of 10% or more, the veteran's condition must be rated analogously to a disease or injury in which the functions affected, anatomical localization, or symptomatology are similar. *See* 38 C.F.R. § 3.317(a)(5).

### B. Board's Selection of Diagnostic Code 5003

Although the Court reviews the selection of a DC under the arbitrary-and-capricious standard of review, *see Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (selection of a DC is a question of application of law to facts and is subject to Court review under the arbitrary-and-capricious standard), the Board is nevertheless required to provide an adequate statement of reasons or bases for its selection, *see* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Suttmann v. Brown*, 5 Vet.App. 127, 133 (1993). In this instance, the Board failed to adequately explain its selection of DC 5003 and, further, its application of DC 5003 rendered its selection arbitrary and capricious. *See* 38 U.S.C. § 7261(a)(3)(A) (Court shall hold unlawful decisions by the Board that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

The Board's statement that "the only reasonably analogous code would appear to be Diagnostic Code 5003 pertaining to arthritis," is the only basis for its selection of DC 5003 for rating purposes. The Board provided no analysis to support its conclusion and failed to explain why other DCs were not reasonably analogous. Although the Court cannot substitute its view of the appropriate DC for that of the Board, we note that fibromyalgia, which involves "widespread musculoskeletal pain and tender points" and is specifically named as a condition for which

presumptive service connection may be granted, appears to be at least as equally analogous as arthritis to Mr. Stankevich's condition. *See* 38 U.S.C. § 1117(a)(2)(B); 38 C.F.R. §§ 3.317(a)(2)(i)(B)(2), 4.71a, DC 5025 (2005); *see also Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991) (Board is required to consider all evidence of record and to consider, and discuss in its decision, all potentially applicable provisions of law and regulation). In any event, the Board must provide an adequate statement of reasons or bases for its selection of a DC. *See Allday* and *Suttman*, both *supra*.

Moreover, DC 5003 provides for a 10% disability rating only if there is x-ray evidence of arthritis. Although the Board noted that "a provision requiring x-ray findings alone as the basis for assigning a rating" was not "truly analogous" for purposes of section 1117, the Board nevertheless proceeded to apply it. R. at 13-14. The Board found that Mr. Stankevich had no limitation of motion, and implicitly found no evidence of multiple-joint arthritis, by x-ray or otherwise, and on that basis determined that Mr. Stankevich was not entitled to a 10% disability rating. *Id.* Absent a 10% disability rating, Mr. Stankevich could not be granted presumptive service connection under section 1117.

The very essence of an undiagnosed illness is that there is no diagnosis. The function affected, anatomical localization, or symptomatology of an undiagnosed illness cannot be analogous if the Board applies that rating criteria to require objective evidence of a diagnosed disability (here, x-ray evidence of arthritis). *See Gutierrez v. Principi*, 19 Vet.App. 1, 9 (2004) ("Objective medical evidence is not required for an award of service connection under section 1117."). The Court concludes that the Board's manner of applying DC 5003 in this case – by requiring a diagnosis of arthritis in order to grant a 10% disability rating where a diagnosis cannot be had – is arbitrary and capricious because the analogy is, at best, illusory.

### C. The Evidence Does Not Preponderate Against a Finding of an Undiagnosed Condition

The Secretary argues that the Board made no determination as to whether Mr. Stankevich had an undiagnosed condition. Although the specific words expressing such a determination were not used by the Board, it nevertheless assessed the evidence and found no basis for accepting or rejecting either of the conflicting medical opinions. As a matter of law, when the evidence does not

preponderate one way or the other, it sits in relative equipoise, *see Gilbert v. Derwinski*, 1 Vet.App. 49, 54 (1990) ("a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail"), and the benefit of the doubt must go to the veteran, *see Ortiz v. Principi,* 274 F.3d 1361, 1365 (Fed. Cir. 2001) ("benefit of the doubt rule may be viewed as shifting the 'risk of nonpersuasion' onto the VA to prove that the veteran is not entitled to benefits"); *Robinette v. Brown,* 8 Vet.App. 69, 76 (1995) ("the unique evidentiary burdens in the VA adjudication system . . . permit a merits disallowance only where the evidence preponderates against the claim"); *Gilbert*, 1 Vet.App. at 54 ("the preponderance of the evidence must be against the claim for benefits to be denied"); *see also Padgett v. Nicholson*, 19 Vet.App. 133, 146-47 (2005) (en banc), *withdrawn on other grounds*, 19 Vet.App. 334 (2005). Accordingly, the Board's decision will be modified in part to explicitly state the Board's finding that Mr. Stankevich's muscle and joint pains are manifestations of an undiagnosed illness.

## III.  CONCLUSION

Upon consideration of the foregoing, that part of the Board's decision addressing whether Mr. Stankevich's muscle and joint pains are manifestations of an undiagnosed illness is MODIFIED to include an explicit statement of the Board finding that Mr. Stankevich's muscle and joint pains are manifestations of an undiagnosed illness. The remainder of the Board's decision that denied service connection for chronic muscle and joint pains, including as manifestations of an undiagnosed illness, is SET ASIDE. The matter on appeal is REMANDED for readjudication consistent with this opinion. *See* 38 U.S.C. § 7252(a). On remand, Mr. Stankevich may present additional evidence and argument in support of the matters remanded, and the Board must consider any evidence and argument so presented. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Court expects that the Board will provide expeditious treatment of this matter on remand. *See* 38 U.S.C. § 7112.

MODIFIED IN PART, SET ASIDE IN PART, and REMANDED.