Citation Nr: 1132125 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 05-21 962 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for right hip disability, to include as secondary to an undiagnosed illness.

2. Entitlement to service connection for left hip disability, including subchondral cyst formation, to include as secondary to an undiagnosed illness.

3. Entitlement to service connection for cervical spine disability, to include as secondary to an undiagnosed illness.

4. Entitlement to service connection for lumbar spine disability, to include as secondary to an undiagnosed illness.

5. Entitlement to service connection for right knee disability to include as secondary to an undiagnosed illness.




REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. J. Vecchiollo, Counsel


INTRODUCTION

The Veteran served on active duty from November 1988 to November 2002.

This case comes before the Board of Veterans' Appeals (Board) on appeal from separate rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. In pertinent part, a November 2005 RO rating decision denied service connection claims for bilateral hip disability, subchondral cyst formation of the left hip, lumbar spine disability, and cervical spine disability. The RO also denied applications to reopen claims of service connection for right knee, right ankle, and left ankle disabilities.

In September 2007, the Board found that new and material evidence had been submitted to reopen the claims of service connection for right knee, right ankle, and left ankle disabilities; and remanded to the RO all the claims set forth on the cover page of this decision for further development and consideration. Subsequently service connection for right and left ankle disabilities were granted by the agency of original jurisdiction. 

The Board remanded the claim in August 2009 for further development and consideration. 


The issues of entitlement to service connection for a lumbar spine disability and right knee disability are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. 



FINDINGS OF FACT

1. The Veteran served on active duty in the Southwest Asia theater of operations during the Persian Gulf War.

2. The Veteran does not have a current right hip disability or fibromyalgia. 

3. The Veteran's left hip and cervical spine complaints have been attributed to known clinical diagnoses, degenerative joint disease of the left hip, and myofascial cervical syndrome, and as such, are not due to an undiagnosed illness or a medically unexplained chronic multi-symptom illness; and none of the diagnosed disabilities are related to service.


CONCLUSIONS OF LAW

1. The criteria for service connection for a right hip disability have not been met. 38 U.S.C.A. §§ 1110, 1117, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.317 (2010).

2. The criteria for service connection for left hip disability have not been met. 38 U.S.C.A. §§ 1110, 1117, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.317 (2010).

3. The criteria for service connection for cervical spine disability have not been met. 38 U.S.C.A. §§ 1110, 1117, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.317 (2010).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

Upon receipt of a complete or substantially complete application, VA must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. § 5103(a). 

The notice requirements apply to all five elements of a service connection claim: 1) veteran status; 2) existence of a disability; (3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The notice must be provided to a claimant before the initial unfavorable adjudication by the RO. Pelegrini v. Principi, 18 Vet. App.112 (2004).

The notice requirements may be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006). In any event, the Veteran has neither alleged nor demonstrated any prejudice with regard to the content or timing of the notices. See Shinseki v. Sanders, 129 S.Ct. 1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency, and clarifying that the burden of showing that an error is harmful, or prejudicial, normally falls upon the party attacking the agency's determination.) See also Mayfield v. Nicholson, 444 F.3d 1328, 1333-34 (Fed. Cir. 2006).

The RO provided the appellant pre-adjudication notice by letter dated in March 2005. 

The notification substantially complied with the requirements of Quartuccio v. Principi, 16 Vet. App. 183 (2002), identifying the evidence necessary to substantiate a claim and the relative duties of VA and the claimant to obtain evidence. 

While the notification did not advise the appellant of the laws regarding degrees of disability or effective dates for any grant of service connection, no new disability rating or effective date for award of benefits will be assigned as the claims for service connection were denied. Accordingly, any defect with respect to that aspect of the notice requirement is rendered moot. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993). 

VA has obtained service treatment records, assisted the appellant in obtaining evidence, afforded the appellant physical examinations, obtained medical opinions as to the etiology and severity of disabilities, and afforded the appellant the opportunity to give testimony before the Board. All known and available records relevant to the issues on appeal have been obtained and associated with the appellant's claims file; and the appellant has not contended otherwise. 

VA has substantially complied with the notice and assistance requirements and the appellant is not prejudiced by a decision on the claim at this time.

II. Analysis

A. Direct Service Connection

Direct service connection means that a particular disease or injury resulting in disability was incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for a disease diagnosed after discharge when all the evidence, including that pertaining to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

To prevail on the issue of service connection, there must be competent evidence of: a current disability; in-service occurrence or aggravation of a disease or injury; and a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

The chronicity provision of 38 C.F.R. § 3.303(b) is applicable where the evidence, regardless of its date, shows that the veteran had a chronic condition in service or during an applicable presumption period and still has such condition. Such evidence must be medical unless it relates to a condition as to which lay observation is competent. Savage v. Gober, 10 Vet. App. 488, 498 (1997). In addition, if a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection. 38 C.F.R. § 3.303(b).

As a preliminary matter, the VA examinations conducted by a physician's assistant; not signed by a physician; which do not provide any opinion which would support the Veteran's claims, will not be considered in this decision. 

The Veteran's service treatment records are negative for any findings, complaints or treatment of the disabilities at issue.

VA joints and spine examinations were conducted in May 2010. After examination and review of the Veteran's claims file, the examiner found that: flexion, extension, abduction and rotation of the bilateral hips was normal; despite the Veteran's subjective complaints, examination of the right hip was normal; MRI of the hips showed early degenerative joint disease of the left hip; MRI of the spine showed right neuroforaminal narrowing from C3-C5; examination of the knee showed patellafemoral crepitus from 90 to 120 degrees, without full extension; there was no evidence of fibromyalgia. 

The examiner diagnosed myofascial cervicolumbar syndrome without evidence of radiculopathy; no evidence of fibromyalgia; normal right hip except for subjective complaints; early degenerative disease of the left hip; and normal right knee except for patellafemoral syndrome.

The examiner opined that the Veteran's degenerative joint disease of the left hip and myofascial cervicolumbar syndrome are unrelated to service based on the lack of any complaints in the Veteran's service treatment records.

There is no evidence of record that the Veteran has a current disability of the right hip. Therefore, service connection for a right hip disability is not warranted. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998). 

As the second and third elements of the Hickson test have not been met; i.e., there is no evidence of an in-service incident and no competent evidence of a nexus to service, service connection for a cervical spine disability and left hip disability is not warranted.

The Veteran's statements that he has had degenerative joint disease of the left hip and myofascial cervical syndrome since service is not probative evidence as these are not conditions where lay observation has been found to be competent to establish that the current condition is related to service. Savage v. Gober, 10 Vet. App. 488, 498 (1997).

The Veteran is competent to comment on his symptoms. However, as a layperson, lacking in medical training and expertise, the Veteran cannot provide a competent opinion on a matter as complex as the etiology of his disabilities and his views are of no probative value. And, even if his opinion was entitled to be accorded some probative value, it is far outweighed by the detailed opinion provided by the medical professional who reviewed the Veteran's claims file and provided the reasons for his opinion. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (competent testimony "can be rejected only if found to be mistaken or otherwise deemed not credible"); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

B. Undiagnosed Illness due to Persian Gulf War Service 

The Veteran is a "Persian Gulf veteran" as defined by regulation. See 38 C.F.R. § 3.317.

Because the Veteran served in the Southwest Asia Theater of operations during the Persian Gulf War, service connection may also be established under 38 C.F.R. § 3.317. Under that section, service connection may be warranted for a Persian Gulf veteran who exhibits objective indications of a qualifying chronic disability that became manifest during active military, naval or air service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than not later than December 31, 2011. See 38 C.F.R. § 3.317(a)(1)).

For purposes of 38 C.F.R. § 3.317, there are three types of qualifying chronic disabilities: (1) an undiagnosed illness; (2) a medically unexplained chronic multi symptom illness; and (3) a diagnosed illness that the Secretary determines in regulations prescribed under 38 U.S.C.A 1117(d) warrants a presumption of service-connection.

An undiagnosed illness is defined as a condition that by history, physical examination and laboratory tests cannot be attributed to a known clinical diagnosis. In the case of claims based on undiagnosed illness under 38 U.S.C.A. § 1117; 38 C.F.R. § 3.117, unlike those for "direct service connection," there is no requirement that there be competent evidence of a nexus between the claimed illness and service. Gutierrez v. Principi, 19 Vet. App. at 8-9. Further, lay persons are competent to report objective signs of illness. Id. To determine whether the undiagnosed illness is manifested to a degree of 10 percent or more the condition must be rated by analogy to a disease or injury in which the functions affected, anatomical location or symptomatology are similar. See 38 C.F.R. § 3.317(a)(5); see also Stankevich v. Nicholson, 19 Vet. App. 470 (2006).

A "medically unexplained chronic multi symptom illness" means a diagnosed illness without conclusive pathophysiology or etiology, that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multi- symptom illnesses of partially understood etiology and pathophysiology will not be considered medically unexplained. 38 C.F.R. § 3.317(a)(2)(ii).

"Objective indications of chronic disability" include both "signs," in the medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. 38 C.F.R. § 3.317(a)(3). Signs or symptoms that may be manifestations of undiagnosed illness or medically unexplained chronic multi symptom illness include, but are not limited to, the following: (1) fatigue; (2) signs or symptoms involving skin; (3) headache; (4) muscle pain; (5) joint pain; (6) neurologic signs or symptoms; (7) neuropsychological signs or symptoms; (8) signs or symptoms involving the respiratory system (upper or lower); (9) sleep disturbances; (10) gastrointestinal signs or symptoms; (11) cardiovascular signs or symptoms; (12) abnormal weight loss; and (13) menstrual disorders. 38 C.F.R. § 3.317(b).

For purposes of section 3.317, disabilities that have existed for six months or more and disabilities that exhibit intermittent episodes of improvement and worsening over a six-month period will be considered chronic. The six-month period of chronicity will be measured from the earliest date on which the pertinent evidence establishes that the signs or symptoms of the disability first became manifest. 38 C.F.R. § 3.317(a)(4).

Apart from the Veteran's lay statements, there is no evidence of a current disorder of the right hip; and regardless of the theory of entitlement, the existence of a current disability is the cornerstone of a claim for VA disability compensation. See Gilpin, supra.

The Veteran's orthopedic disorders of the cervical spine and left hip are diagnosed conditions. As these disorders have been diagnosed, the special provisions pertaining to undiagnosed illnesses are not applicable, and service connection cannot be granted under the presumptive provisions of 38 U.S.C.A. § 1117 and 38 C.F.R. § 3.317.


C. Conclusion 

The preponderance of the evidence is against the claims; there is no doubt to be resolved; and service connection is not warranted for right hip, left hip and cervical spine disabilities. 


ORDER

Service connection for a right hip disability, to include as due to an undiagnosed illness, is denied.

Service connection for a left hip disability, to include as due to an undiagnosed illness, is denied.

Service connection for cervical spine disability, to include as due to an undiagnosed illness, is denied.


REMAND

The Veteran has a right, as a matter of law, to compliance with the remand orders of the Board. Stegall v. West, 11 Vet. App. 268 (1998). The examiner was to specifically discuss the significance of the Veteran's in-service treatment for right knee pain in June 1999, and the Veteran's report of recurrent back pain on the February 2002 separation examination. The Veteran was afforded a VA examination in May 2010, however, there was no such discussion. This case be must again be remanded to the agency of original jurisdiction for another opinion to comply with the Board's original remand. 

Accordingly, the case is REMANDED for the following action:

1. Return the Veteran's claims file to the examiner who conducted the May 2010 VA spine and joints examinations. A notation to the effect that the claim file was reviewed should be included in the report. All necessary tests in order to determine the correct diagnoses are to be done.

The examiner should render opinions as to whether the Veteran's myofascial lumbar syndrome without radiculopathy and patellofemoral of the right knee are at least as likely related to injury or disease during active service and/or had their onset during active service.

The examiner must provide a complete rationale for all opinions and conclusions reached. In arriving at opinions, the examiner should specifically discuss the significance of the Veteran's in-service treatment for right knee pain in June 1999 and report of recurrent back pain on the February 2002 separation examination. If that physician is unavailable, obtain an opinion from another appropriate physician. That physician should determine if another examination is needed prior to rendering his/her opinion.

2. Then readjudicate the claims. If either claim continues to be denied, send the Veteran and his representative a supplemental statement of the case and give them time to respond. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).


______________________________________________
RONALD W. SCHOLZ 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs