Citation Nr: 1826241 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 09-24 488 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a lumbar spine disorder, identified as degenerative disc disease and intervertebral disc syndrome, claimed as a back injury.

2. Entitlement to service connection for a gastrointestinal disorder other than irritable bowel syndrome (IBS), previously identified as hiatal hernia and gastroesophageal reflux disease (GERD), to include as qualifying as an undiagnosed illness as a result of service in Southwest Asia.


REPRESENTATION

The Veteran represented by: Tennessee Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran
ATTORNEY FOR THE BOARD

Jeanne Celtnieks, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1988 to April 1992.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a February 2008 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). A hearing was held before the undersigned in March 2011.

The Board previously remanded these issues for additional development in March 2013, October 2014, February 2016, and June 2017. 


FINDINGS OF FACT

1. A February 2018 rating decision granted service connection for a lumbar spine disability, identified as degenerative disc disease and intervertebral disc syndrome and claimed as a back injury.

2. The Veteran's gastrointestinal disability, other than irritable bowel syndrome, constitutes a medically undiagnosed illness that is presumptively the result of service in Southwest Asia.


CONCLUSIONS OF LAW

1. The criteria for dismissal of an appeal due to lack of jurisdiction have been met with respect to the issues of service connection for a lumbar spine disability, identified as degenerative disc disease and intervertebral disc syndrome and claimed as a back injury. 38 U.S.C. § 7105(d)(5) (2012); 38 C.F.R. § 20.202 (2017).

2. The criteria for service connection for an undiagnosed gastrointestinal illness have been met. 38 U.S.C. §§ 1110, 1117, 1118, 5107 (2012); 38 C.F.R. §§ 3.102 , 3.303, 3.304, 3.317 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Lumbar Spine Disability

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105(d)(5); 38 C.F.R. § 20.202.

A September 2016 rating decision granted service connection a lumbar spine disability, identified as degenerative disc disease and intervertebral disc syndrome and claimed as a back injury. Thus, the benefits sought on appeal have been granted in full, and there is no remaining allegation of error of fact or law for appellate consideration with respect to the issue of service connection for a lumbar spine disability. Therefore, the Board has no jurisdiction to review the appeal of this issue, and it is dismissed. Id.

This decision is intended to complete the record with respect to the issues of service connection for lumbar spine disability identified as degenerative disc disease and intervertebral disc syndrome and claimed as a back injury, as the issue was not removed from Veterans Appeals Control and Locator System (VACOLS) by the agency of original jurisdiction (AOJ) prior to recertification of this matter to the Board.

Gastrointestinal Disorder

Generally, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131. Establishing service connection generally requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Under 38 U.S.C. § 1117(a)(1), compensation is warranted for a Persian Gulf veteran who exhibits objective indications of a "qualifying chronic disability" that became manifest during service on active duty in the Armed Forces in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent not later than December 31, 2021. Furthermore, the chronic disability must not be attributed to any known clinical disease by history, physical examination, or laboratory tests. See 38 U.S.C. § 1117; 38 C.F.R. § 3.317(a), (b).

A Persian Gulf veteran is defined as a veteran who served on active duty in the Armed Forces in the Southwest Asia theater of operations during the Persian Gulf War. See 38 U.S.C. § 1117(f); 38 C.F.R. § 3.317(e). 

A "qualifying chronic disability" includes an undiagnosed illness. See 38 C.F.R. § 3.317(a)(2). The term "objective indications of a qualifying chronic disability" include both "signs," in a medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. See 38 C.F.R. § 3.317(a)(3).

Signs or symptoms that may be manifestations of undiagnosed illness or a chronic multi-symptom illness include the following: fatigue, unexplained rashes or other dermatological signs or symptoms, headache, muscle pain, joint pain, neurological signs or symptoms, neuropsychological signs or symptoms, signs or symptoms involving the upper or lower respiratory system, sleep disturbances, gastrointestinal signs or symptoms, cardiovascular signs or symptoms, abnormal weight loss, or menstrual disorders. See 38 U.S.C. § 1117(g); 38 C.F.R. § 3.317(b). 

With claims for service connection for a qualifying chronic disability under 38 C.F.R. § 3.317, the veteran is not required to provide competent evidence linking a current disability to an event during service. Gutierrez v. Principi, 19 Vet. App. 1, 8-9 (2004). Lay persons are competent to report objective signs of illness. Id. at 9-10. Symptoms, which are capable of lay observation, are presumed to be related to service, and unlike a claim of "direct service connection," VA cannot impose a medical nexus requirement. 38 U.S.C. § 1117; 38 C.F.R. § 3.317. 

Disabilities that have existed for six months or more and disabilities that exhibit intermittent episodes of improvement and worsening over a six-month period will be considered chronic. The six-month period of chronicity is measured from the earliest date on which the pertinent evidence establishes the signs or symptoms of the disability first became manifest. 38 C.F.R. § 3.317(a)(4). To determine whether the qualifying chronic disability is manifested to a degree of 10 percent or more the condition must be rated by analogy to a disease or injury in which the functions affected, anatomical location or symptomatology are similar. See 38 C.F.R. § 3.317(a)(5); see also Stankevich v. Nicholson, 19 Vet. App. 470 (2006).

When there is an approximate balance of positive and negative evidence regarding any material issue, reasonable doubt will be resolved in favor of the Veteran. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1991).

The Veteran was awarded the Southwest Asia Service Medal. His service in the Gulf War Theater from August 1991 to October 1991 is documented in the VA Beneficiary Identification Records Locator Subsystem (BIRLS). He is a Veteran of the Persian Gulf War. 

During an April 2009 general medical examination, the Veteran reported heartburn, regurgitation and nausea. The examiner noted a diagnosis of GERD. Additionally, the examiner, after reviewing upper GI radiologic testing from December 2008, diagnosed a small hiatal hernia. The October 2013 VA esophageal conditions examination recorded and continued prior diagnoses of GERD and hiatal hernia. The Veteran reported mild indigestion and regurgitation. No additional medical tests were provided.

In March 2015 VA esophageal conditions examination continued to diagnose GERD and hiatal hernia. The Veteran reported heartburn (pyrosis) and the examiner noted the use of over the counter medicine to control this symptom. 

The Veteran was examined again by VA in August 2017 to access his GI condition. The Veteran reported first noticing difficulty with heartburn and reflux in 2000. His symptoms in August 2017 were reported and noted as mild heartburn every two weeks which resolved within 30-40 minutes after taking over the counter medications. Additional "bad episodes" with reflux and regurgitation occur every other month. New upper GI radiographic studies, performed in July 2017, showed no evidence of reflux and no hiatal hernia. The examiner determined that there was insufficient evidence to diagnose GERD and the hiatal hernia was resolved.

The most recent VA examination was provided in December 2017. The Veteran reported severe acid reflux with regurgitation two or three times each week. He continued to use over the counter medications. The Veteran reported additional symptoms of substernal pain, nausea, and periodic vomiting. The examiner reviewed the upper GI radiographic studies performed in July 2017 and found "reflux and hiatal hernia no longer detected." She opined the Veteran no longer suffered from either GERD or hiatal hernia. 

The Board notes that the December 2017 examiner further asserted the Veteran's symptoms were "unlikely to represent an objective indication of chronic disability resulting from an undiagnosed illness . . . related to the Veteran's Persian Gulf War service." However, the examiner provided no rationale whatsoever for why the Veteran's symptoms were unlikely to represent an objective indication of chronic disability resulting from undiagnosed illness. Thus, this opinion has no probative value.

Given the conflicting medical opinions of record, the Board finds that the evidence of whether the Veteran has a diagnosed illness of GERD or hiatal hernia is at least in equipoise. Resolving all doubt in favor of the Veteran, the Board finds that his symptoms of heartburn, reflux, and regurgitation cannot be attributed to a diagnosed illness. See Gilbert, supra.

The Veteran's condition is evaluated by analogy to Diagnostic Code 7346 for hiatal hernia. See 38 C.F.R. § 4.114. Under Diagnostic Code 7346, a 60 percent rating is warranted for symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health. A 30 percent rating is granted for persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. A 10 percent rating is assigned when there are two or more symptoms for the 30 percent evaluation of less severity. Id. The Board finds Veteran's disability, characterized by heartburn (pyrosis), reflux, and regurgitation, is manifest to a degree of 10 percent. 

The Veteran asserted his claim for stomach aches and acid reflux in 2007. As detailed above, he reported continuing symptoms, particularly during medical examinations, over the following year. His condition is chronic.

Resolving all benefit of the doubt in favor of the Veteran, the Board finds that the Veteran exhibits objective indications of a qualifying chronic disability which is manifest to a degree of 10 percent. See Gilbert, supra. Presumptive service connection for undiagnosed gastrointestinal disability, as due to a qualifying chronic disability, is warranted. 38 U.S.C. § 1117; 38 C.F.R. § 3.317. 


ORDER

Entitlement to service connection for gastrointestinal disability, due to an undiagnosed illness, is warranted.




____________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs