# United States Court of Appeals for the Federal Circuit

---

**JOHN W. WEBB,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1243

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8064, Judge Michael P. Allen.

---

Decided: June 29, 2023

---

JENNIFER TRACY SHANNON HEALY, Veterans Legal Advocacy Group, Arlington, VA, argued for claimant-appellant. Also represented by HAROLD HAMILTON HOFFMAN, III, MEGAN EILEEN HOFFMAN.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Some veterans have service-connected conditions that are not listed in the Department of Veterans Affairs' (VA) Schedule of Disability Ratings. In those circumstances, the VA can choose an appropriate disability rating for the veteran's unlisted condition by analogizing it to a listed one. This appeal involves the framework for how the VA performs such a rating by analogy.

John W. Webb appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals' determination that he was not entitled to a compensable disability rating for his unlisted service-connected condition because he did not meet all the criteria of the analogous condition's diagnostic code. Because the Veterans Court misinterpreted the requirements of the applicable regulation, 38 C.F.R. § 4.20, we vacate its decision and remand for further consideration.

## BACKGROUND

The VA promulgates a Schedule for Rating Disabilities that provides an extensive list of disabilities identified by unique diagnostic codes, each of which has at least one corresponding disability rating. 38 U.S.C. § 1155; 38 C.F.R. pt. 4. Although the Schedule is extensive, it is possible that a particular veteran's disability does not clearly fall under one of the delineated diagnostic codes. VA regulations address this possibility:

> When an unlisted condition is encountered it will be permissible to rate under a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous.

38 C.F.R. § 4.20.  In other words, this regulation provides that a veteran having an "unlisted" condition, i.e., one that is not included on the Schedule, can be rated analogously to—and given the associated disability rating of—a listed disease or injury, provided that the affected functions, anatomical location, and symptomatology of the veteran's condition are "closely analogous" to those of the listed disease or injury.  For example, "a veteran's non-migraine headaches could be rated as analogous to migraine headaches." Jeffrey D. Parker, *Getting the Train Back on Track: Legal Principles to Guide Extra-Schedular Referrals in U.S. Department of Veterans Affairs Disability Rating Claim Adjudications*, 28 FED. CIR. B.J. 175, 192 (2019).

In *Lendenmann v. Principi*, the Veterans Court elaborated on this regulatory guidance, explaining that, "[i]n deciding whether a listed disease or injury is 'closely related' to the veteran's ailment, the VA may take into consideration three factors" when determining which diagnostic code is most "closely analogous" to a given unlisted disability: "(1) whether the 'functions affected' by ailments are analogous; (2) whether the 'anatomical localization' of the ailments is analogous; and (3) whether the 'symptomatology' of the ailments is analogous." 3 Vet. App. 345, 350 (1992) (quoting 38 C.F.R. § 4.20).[1]

With this brief legal background in mind, we now turn to the facts of this case.  Mr. Webb served in the Army from 1968 to 1970, receiving an honorable discharge.  After the conclusion of his service, Mr. Webb developed, among other ailments, service-connected prostate cancer, the treatment

---

[1]    We note that *Lendenmann* requires that each of these three factors be "analogous," while § 4.20 requires that these factors be "closely analogous."  To the extent this inconsistency is meaningful, however, we need not address it further here, as it makes no difference to our opinion in this case.

for which caused him to develop erectile dysfunction (ED). In 2015, after Mr. Webb reopened an earlier claim requesting disability benefits for his ED, a Regional Office (RO) of the VA issued a decision assigning Mr. Webb a noncompensable (i.e., zero percent) rating for his disability. At that time, the Schedule did not include a diagnostic code for ED. *See* 38 C.F.R. § 4.115b (2015).[2] As a result, the RO rated Mr. Webb's disability by analogy to diagnostic code (DC) 7522, which provides for a 20 percent disability rating for "[p]enis, deformity, with loss of erectile power." *Id.* DC 7522. With little discussion, the RO determined that Mr. Webb's particular disability entitled him only to a noncompensable rating. *See* J.A. 774–75, 780.

Mr. Webb appealed to the Board, which affirmed the RO's determination. J.A. 13–20. The Board acknowledged that Mr. Webb's disability had been rated by analogy, as provided for by 38 C.F.R. § 4.20, but explained that DC 7522 required Mr. Webb to show "deformity of the penis with loss of erectile power." J.A. 18–19. Because Mr. Webb did not have such a deformity, the Board determined that he was not entitled to a compensable disability rating. J.A. 19 ("As no penile deformity has been shown, a separate compensable rating for erectile dysfunction under DC 7522 is not warranted . . . .").

---

[2] The Schedule has since been revised to provide for a zero percent, i.e., noncompensable, disability rating for ED alone. *See* 38 C.F.R. § 4.115b, DC 7522 (2021) (providing a zero percent rating for "[e]rectile dysfunction, with or without penile deformity"). The government properly notes that this revised version of DC 7522 does not apply to Mr. Webb's case because nothing in the revised rule indicates that it was intended to apply retroactively. *See* 38 U.S.C. § 5110(g); *see also* Appellee's Br. 7 n.3 (agreeing that the revised version of DC 7522 does not apply to Mr. Webb's case).

The Veterans Court affirmed. In its brief opinion, the Veterans Court determined that a prior Veterans Court decision, *Williams v. Wilkie*, 30 Vet. App. 134 (2018), was "fatal to [Mr. Webb]'s argument." *Webb v. McDonough*, No. 20-8064, 2021 WL 3625395, at *1 (Vet. App. Aug. 17, 2021). The court explained its view that "[i]mplicit in the [c]ourt's holding in *Williams* is that[,] when ED is rated under DC 7522, a claimant must establish a penile deformity to be entitled to" benefits, and thus that Mr. Webb's argument "is foreclosed by" *Williams*. *Id.* at *2.

Mr. Webb appeals. We have jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

On appeal, Mr. Webb challenges the Veterans Court's interpretation of 38 C.F.R. § 4.20. We review the Veterans Court's interpretation of a regulation de novo. *See* 38 U.S.C. § 7292(c); *Pickett v. McDonough*, 64 F.4th 1342, 1345 (Fed. Cir. 2023).

In its brief analysis affirming the Board's conclusion that Mr. Webb was not entitled to benefits, the Veterans Court addressed neither the explicit requirements of § 4.20 nor the *Lendenmann* factors. *See Webb*, 2021 WL 3625395, at *1–3. In other words, the court did not address whether the functions affected, anatomical location, and symptomatology of Mr. Webb's condition are closely analogous to the functions affected, anatomical location, and symptomatology of the condition listed under DC 7522. The Veterans Court was not alone—indeed, at no point in Mr. Webb's case, including before the RO and the Board, did any agency or court substantively discuss the text of § 4.20 (or even the related guidance in *Lendenmann*) and analyze its application to Mr. Webb's unlisted condition. Rather, instead of engaging with the explicit language of this regulation, the VA and the Veterans Court required Mr. Webb to strictly meet the requirements of DC 7522 as

if he were being directly rated under that code.  J.A. 18–19, 774–76, 780; *Webb*, 2021 WL 3625395, at *1–2.

We conclude that the Veterans Court erred by requiring Mr. Webb, to be eligible for benefits, to show that his unlisted condition identically matched the criteria of the listed condition to which his condition was rated by analogy.  In doing so, the Veterans Court imposed a requirement not stated in § 4.20, the sole regulation governing rating by analogy.  We hold that, when rating by analogy under § 4.20, the VA must adhere to the requirements of that regulation.  The listed disease or injury to which a veteran's unlisted condition is being rated by analogy must be only "closely related," not identical, to the unlisted condition.  That regulation provides guidance for determining whether a listed condition is "closely related" to the unlisted condition: it is one "in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous" to the unlisted condition. 38 C.F.R. § 4.20; *see also Lendenmann*, 3 Vet. App. at 350– 51.  Further, once the VA has concluded that a listed disease or injury is "closely analogous" to a veteran's unlisted condition, we see no source of law directing the VA to withhold the rating based on the qualifying criteria associated with that listed disease or injury's diagnostic code.

The regulatory text supports our conclusion.  Section 4.20 provides that when "an *unlisted* condition is encountered," the VA can rate that disability "under a *closely related* disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous."  38 C.F.R. § 4.20 (emphases added).  The regulation thus contemplates that it will be applied to certain conditions that are *unlisted*, i.e., not identical to those that are listed and assigned a specific diagnostic code.  When such an unlisted condition is encountered, the VA may choose a "closely related"—again, not identical—listed condition to which it will rate the veteran's unlisted condition by analogy.  As a matter of plain

language, it would be nonsensical to require a veteran's unlisted disability to precisely meet the criteria for a listed disease or injury's diagnostic code. After all, if a veteran's condition did precisely meet the requirements of a listed condition, that condition could simply be rated under that listed condition's diagnostic code; there would be no need to rate by analogy. *See, e.g.*, *Ulysses Copeland v. McDonald*, 27 Vet. App. 333, 336 (2015) ("Where, however, a condition *is* listed in the schedule, rating by analogy is not appropriate."). Concluding otherwise—and requiring a veteran's unlisted condition to satisfy each of the criteria of a listed condition—would eviscerate the text and purpose of § 4.20, which explicitly allows for rating by analogy.

Our conclusion aligns not only with the regulatory text but also with Veterans Court precedent. In *Stankevich v. Nicholson*, for example, the Veterans Court determined that the Board erred by requiring a veteran with an unlisted condition to demonstrate that his disability satisfied each requirement of a listed condition to which his disability was being rated by analogy. 19 Vet. App. 470, 472–73 (2006). Specifically, the Board rated a veteran's undiagnosed, chronic joint pain by analogy to DC 5003, for arthritis. *Id.* at 471. The Board found that the veteran could not be awarded benefits because he had not been diagnosed with arthritis, a requirement listed in the schedule for DC 5003. *Id.* at 472. The Veterans Court explained this was error, because "[t]he function affected, anatomical localization, or symptomatology of an undiagnosed illness cannot be analogous if the Board applies that rating criteria to require objective evidence of a diagnosed disability." *Id.* Strictly applying the criteria of the analogous diagnostic code, the Veterans Court explained, was "arbitrary and capricious because the analogy is, at best, illusory." *Id.* at 472–73.

Similarly, in *Lendenmann*, the Veterans Court set forth factors that the Board must consider to determine which listed disease or injury is most analogous to the

veteran's unlisted condition. 3 Vet. App. at 350–51 (quoting 38 C.F.R. § 4.20). *Lendenmann* thus clearly contemplates that such an unlisted condition would, by definition, not perfectly match the symptoms of any one listed condition. *Id.*[3]

The Veterans Court determined it was bound by what it viewed as an implicit holding in *Williams* requiring a veteran seeking to be rated by analogy to DC 7522 to meet the criteria of that diagnostic code. Contrary to the Veterans

---

[3] And, as Mr. Webb highlights in his briefing, the Veterans Court has, in nonprecedential decisions, repeatedly concluded similarly in cases specifically involving rating by analogy to DC 7522. Appellant's Br. 2 & n.4. For example, in *Hernandez v. McDonough*, No. 20-0665, 2021 WL 3285043 (Vet. App. Aug. 2, 2021), the Veterans Court explained that "[u]nder an analogous rating code, the disability being rated is not expected to manifest all the objective criteria of the analogous rating." *Id.* at *4 (citing *Stankevich*, 19 Vet. App. at 472). Similarly, in *Ellis v. McDonald*, No. 15-1264, 2016 WL 3541006 (Vet. App. June 29, 2016), the Veterans Court reversed the Board, stating that "the Board itself rated ED by analogy," and "therefore a veteran [did] not necessarily have to show" all the requirements of the analogous diagnostic code. *Id.* at *3 (cleaned up). In another example, the Veterans Court vacated the Board's decision in *Wilkins v. McDonald*, No. 13-3260, 2015 WL 9463256 (Vet. App. Dec. 28, 2015), explaining that, "[i]n its attempt to rate by analogy, it appears that the Board explains that Mr. Wilkins is not entitled to a compensable disability rating . . . because he fails to meet the requirements for a listed [condition]." *Id.* at *3. In the *Wilkins* court's view, the Board's "discussion [was] troubling because, if Mr. Wilkins had the symptoms of Diagnostic Code 7522, then rating by analogy would not be necessary." *Id.*

Court's conclusion, *Williams* requires no such thing. There, a veteran simply sought a rating under DC 7522, arguing that he had both ED and a deformity. *Williams*, 30 Vet. App. at 135–36. The *Williams* court remanded for the Board to determine, in the first instance, whether the veteran's internal deformity was indeed a "deformity" as contemplated by DC 7522. *Id.* at 138. In other words, the veteran in *Williams* explicitly claimed that he met each of the requirements of the diagnostic code under which he sought benefits. This case is readily distinguishable—all parties agree that Mr. Webb does not meet each of the requirements of DC 7522. That is, of course, why he seeks to be rated by analogy and not directly under a listed code.

The government cites to *Green v. West* for the proposition that, "[o]nce a diagnostic code [is] assigned for an analogous rating . . . , application of the criteria and the ratings for that code [is] required." 11 Vet. App. 472, 475 (1998); *see* Appellee's Br. 11–12. In the government's view, *Green* counsels in favor of affirmance. But just as *Williams* does not support the government's and Veterans Court's position, neither does this one isolated sentence in *Green*. The context of this sentence is instructive. In *Green*, the VA had erroneously applied an outdated version of the Rating Schedule to a veteran's case. *Id.* at 475. In the cited paragraph, the Veterans Court explained to the Board that, on remand, it had to apply the rating schedule as currently written, i.e., as amended, which would be more favorable to the veteran. *Id.* ("The [Board is] required to reevaluate the veteran's claim using the amended rating schedule."). In other words, this sentence in *Green* was not speaking broadly about how rating by analogy should be accomplished in all instances. Rather, properly taken in context, this statement simply informs the VA that, when determining which listed condition should be used to rate a veteran's condition by analogy, it must apply the relevant version of the rating schedule.

In this case, Mr. Webb seeks to have his unlisted condition rated by analogy under § 4.20, which explicitly does not require that he demonstrate that his condition is identical to a listed one. But no agency or court has yet appropriately applied the explicit requirements of § 4.20 to Mr. Webb's case. Instead, the Veterans Court concluded that he is not entitled to benefits because his unlisted condition did not meet each of the criteria of a listed condition—a requirement not present in the words of the regulation. Because the Veterans Court thus misinterpreted the requirements of § 4.20, we vacate and remand for that court to "suit the action to the word, the word to the action,"[4]—in other words, to reconsider Mr. Webb's case under a proper understanding of § 4.20 as informed by this opinion.

## CONCLUSION

We have considered the government's remaining arguments and find them unpersuasive. For the reasons above, we vacate the Veterans Court's decision and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED**

### COSTS

Costs to appellant.

---

[4]    WILLIAM SHAKESPEARE, HAMLET act 3, sc. 2, ll. 18–19.