NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN CRAIG COMBS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2364

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1831, Judge Joseph L. Toth.

---

Decided:  July 10, 2025

---

MEGHAN GENTILE, Sutton Snipes LLLP, Albany, GA, argued for claimant-appellant.  Also represented by EVAN TYLER SNIPES, BRITNEY SUTTON.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by ELIZABETH MARIE HOSFORD, GEOFFREY M. LONG, PATRICIA M. MCCARTHY, YAAKOV ROTH; JONATHAN KRISCH,

DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————————

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Stephen Combs appeals the final decision of the Court of Appeals for Veterans Claims denying his request for a higher rating for his gastroesophageal reflux disease based on clear and unmistakable error. Mr. Combs alleges that the Veterans Court misinterpreted 38 C.F.R. § 4.20 when it rated his gastroesophageal reflux disease by analogy. Because the Veterans Court did not misinterpret 38 C.F.R. § 4.20, we affirm.

I

Mr. Combs served in the United States Marine Corps on active duty from January 1986 to January 1994. J.A. 1, 9, 52. Following his separation from service, Mr. Combs sought disability benefits from the Department of Veterans Affairs, and, in a March 1998 rating decision, the regional office assigned Mr. Combs a 10% rating for gastroesophageal reflux disease (GERD). J.A. 65–71. In 1999, Mr. Combs requested service connection for additional conditions. J.A. 73. The regional office provided him a new examination, J.A. 86–90, and in an August 2000 rating decision, the regional office continued his 10% GERD rating. J.A. 96.

In the 2000 decision, the regional office noted that there was no Diagnostic Code (DC) for GERD in the agency's Schedule for Rating Disabilities, 38 C.F.R. Part , and so "a closely related disease or injury" was used for this purpose (hiatal hernia, as the predominant condition is reflux). J.A. 102; *see* J.A. 2. Hiatal hernia is rated under 38 C.F.R. § 4.114, DC 7346, which states:

> [60%] Symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health
>
> [30%] Persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health
>
> [10%] With two or more of the symptoms for the 30 percent evaluation of less severity

38 C.F.R. § 4.114, DC 7346 (2000); J.A. 2.

The regional office determined that "[t]he evidence does not show there is severity of the overall disability which warrants elevation to the 30 percent criteria under [DC] 7346" because his symptoms "were primarily subjective complaints of persistent heartburn for reflux, and rectal bleeding, [specifically] blood in stool with one to three loose bowel movements per day" as well as objective findings of positive stool guaiac.[1] J.A. 104. Mr. Combs chose not to appeal the rating decision to the Board at that time, and it became final. J.A. 2.

In 2019, Mr. Combs filed a motion to revise the August 2000 rating decision based on clear and unmistakable error (CUE). J.A. 122–23. He alleged that the August 2000 rating decision clearly and unmistakably erred in assigning him a 10% rating because the evidence of record in 2000 warranted the assignment of a 60% rating. J.A. 122–23. The regional office denied the motion, J.A. 127, and Mr. Combs appealed to the Board. J.A. 147.

---

[1]    Positive stool guaiac "indicates occult, or hidden, blood in the stool." J.A. 2.

In a 2021 decision, the Board denied Mr. Combs's CUE motion. J.A. 9–13. The Board reviewed the evidence of record in 2000 and found that the August 2000 rating decision summarized that evidence accurately. J.A. 12. The Board further found that this evidence "did not undebatably establish" that the criteria for a 60% rating were "met or approximated." J.A. 12–13. The Board noted that although Mr. Combs had "present[ed] a reasonable disagreement as to the outcome of the claim," J.A. 13, this "disagreement as to how the facts were weighed in August 2000," J.A. 11, did "not arise to the level of CUE," in the Board's view, J.A. 13.

Mr. Combs appealed to the Veterans Court. The Veterans Court affirmed the Board's finding that "CUE hadn't been demonstrated because Mr. Combs 'did not undebatably establish that the criteria for a higher rating under' DC 7346 'were met or approximated.'" J.A. 4 (quoting J.A. 12–13). It explained that "contrary to the veteran's assertion, [Mr. Combs'] disability picture did not track the 60% criteria" for hiatal hernia "almost verbatim" because Mr. Combs' medical records "did not document vomiting or material weight loss," two of the requisite criteria under DC 7346. J.A. 3.

The Veterans Court also recognized that "the 60% rating contemplates 'symptom combinations productive of severe impairment of health.'" J.A. 3–4 (quoting 38 C.F.R. § 4.114, DC 7436). Because "the August 2000 rating decision concluded that Mr. Combs's symptomatology did 'not show there is severity of the overall disability which warrants elevation to the 30 percent' rating," the Veterans Court concluded that the Board's decision did not rise to an abuse of discretion and was in accordance with the law. J.A. 4.

As a "last point" in its decision, the Veterans Court stated that it was "mindful" of our recent decision in *Webb v. McDonough*, 71 F.4th 1377 (Fed. Cir. 2023), which had been issued three weeks earlier. J.A. 4. The Veterans Court described *Webb* as potentially "clarif[ying]" that symptoms

need not "identically" match the criteria of a given DC when rating a condition by analogy. J.A. 4–5. The Veterans Court observed, however, that "[w]hatever *Webb* clarifies about ratings by analogy, it cannot establish CUE in the August 2000 rating decision because 'a new judicial pronouncement' does not apply 'retroactively' to a final decision." J.A. 5 (quoting *George v. McDonough*, 991 F.3d 1227, 1236 (Fed. Cir. 2021), *aff'd*, 596 U.S. 740 (2022)).

On August 14, 2023, Mr. Combs timely filed his notice of appeal. J.A. 31–33. We have jurisdiction under 38 U.S.C. § 7292.

## II

We have limited jurisdiction over appeals from the Veterans Court. We "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we cannot review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

## III

On appeal, Mr. Combs argues that the Veterans Court applied the wrong legal standard under 38 C.F.R. § 4.20 when reviewing his CUE claim. Specifically, Mr. Combs argues the standard requires rating by analogy, and the Veterans Court committed legal error by determining whether Mr. Combs "met or approximated" the criteria for a higher rating.

GERD is an unlisted condition, so it was rated by analogy under 38 C.F.R. § 4.20 to hiatal hernia. 38 C.F.R. § 4.20 states:

> When an unlisted condition is encountered it will be permissible to rate under a closely related disease or injury in which not only the

functions affected, but the anatomical locali-
zation and symptomatology are closely analo-
gous.

As an initial matter, Mr. Combs argues that the Veter-
ans Court "agreed with the Board that he was required to
meet the identical criteria in DC 7346" because the "Veter-
ans Court found Mr. Combs did not meet the criteria for
the analogous condition 'almost verbatim.'" Appellant's
Opening Br. 2. Mr. Combs argues that *Webb v. McDonough*
prohibits the Veterans Court from requiring a veteran to
meet identical criteria when rating by analogy.

We agree with Mr. Combs that *Webb* was not a new ju-
dicial pronouncement but reflected the state of the law at
the time of the August 2000 rating decision. However, the
Veterans Court never "required [Mr. Combs] to meet the
identical criteria in DC 7346." Appellant's Opening Br. 2.
Instead, the Veterans Court rejected *Mr. Combs' assertion*
that his disability tracked the 60% criteria for hiatal hernia
almost verbatim. This was not legal error.

Instead, the Veterans Court applied the correct legal
standard for rating by analogy: whether his symptoms met
or approximated the analogous rating. In reviewing the
Board's decision that his symptoms did not approximate
the 60% criteria for hiatal hernia, the Veterans Court
found "[t]he Board concluded that CUE hadn't been demon-
strated because Mr. Combs 'did not undebatably establish
that the criteria for a higher rating under' DC 7346 'were
met or approximated.'" J.A. 4 (quoting J.A. 12–13). We see
no legal error in the Veterans Court's analysis.

Indeed, Mr. Combs argued to the Veterans Court that
the correct standard to rate by analogy required determin-
ing whether his symptoms **approximated** those listed in
the schedule. *See* J.A. 202 ("The duties to maximize bene-
fits, rate by analogy, and apply the higher of two evalua-
tions mean even if Mr. Combs's symptoms don't exactly
match the words listed in the schedule, he is still entitled

to a higher evaluation *when his symptoms closely approximate those listed in the schedule*." (emphasis added)); J.A. 202 ("The Secretary argued Mr. Combs didn't point to any evidence of record before the August 2000 [regional office] that demonstrated he suffered from vomiting and material weight loss at the time, but he didn't have to. *He only had to approximate it*." (emphasis added) (quotation and citation omitted)); J.A. 202 ("His weight gain closely approximates—or is analogous to—the weight loss the schedule contemplates.").

The Veterans Court applied the correct legal standard when reviewing the Board's determination. It reviewed the evidence of Mr. Combs's symptoms in 2000, as well as the 60% rating criteria for DC 7346, and agreed with the Board's decision that the evidence in 2000 did not undebatably establish that the criteria for a 60% rating was met or approximated. To the extent that Mr. Combs challenges the Veterans Court's determination that he did not clearly and unmistakeably establish that his symptoms approximated the 60% rating, that is an application of law to fact over which we lack jurisdiction. *See Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003) ("This court is limited by its jurisdictional statute and, absent a constitutional issue, may not review challenges to factual determinations or challenges to the application of a law or regulation to facts.").

### IV

We have considered Mr. Combs' remaining arguments and find them unpersuasive. Because we find that the Veterans Court did not misinterpret 38 C.F.R. § 4.20 when reviewing Mr. Combs' CUE claim, we affirm.

**AFFIRMED**

COSTS

No costs.